

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2007

# USA v. Alexander

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5145

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Alexander" (2007). *2007 Decisions.* Paper 1717.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1717

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-5145

_____

UNITED STATES OF AMERICA,

v.

ROBERTO F. ALEXANDER,
                              Appellant.


_____


On Appeal From The United States District Court
For The District Of New Jersey
(D.C. Criminal No. 04-cr-00413)
District Judge: The Honorable Jerome B. Simandle

_____


Submitted Under Third Circuit LAR 34.1(a)
January 9, 2007

Before: SLOVITER and RENDELL, Circuit Judges,
and RUFE*, District Judge.

(Filed: January 31, 2007)


_____


OPINION OF THE COURT

_____



_____
    *  Honorable Cynthia M. Rufe,  Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

RUFE, <u>District Judge</u>.

Appellant Roberto F. Alexander ("Alexander"), deported from the United States in 2001 for an aggravated felony, pleaded guilty to illegal re-entry into the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Alexander was sentenced by the District Court to 70 months imprisonment to run concurrently with a New Jersey state sentence for possession of a controlled dangerous substance with intent to distribute. This Court summarily remanded the District Court's sentence in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005), and the District Court resentenced Alexander to the same 70-month sentence, based on an advisory United States Sentencing Guidelines ("Guidelines") range and other 18 U.S.C. § 3553(a) factors to be considered under <u>Booker</u>. The 70-month sentence imposed by the District Court lies within the advisory Guidelines range of 70 to 87 months and Alexander does not argue that the range was calculated incorrectly. On appeal, Alexander argues that the sentence imposed was unreasonable due to the District Court's inadequate consideration of the other 18 U.S.C. § 3553(a) factors.[1] For the reasons that follow, we will affirm.

## I.

On February 4, 2001, the Immigration and Naturalization Service ("INS")

---

[1] We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1). <u>See</u> <u>United States v. Cooper</u>, 437 F.3d 324 (3d Cir. 2006). In <u>Cooper</u>, we held that an appellate court has jurisdiction to review the unreasonableness of a sentence, "whether within or outside the advisory guidelines range," pursuant to 18 U.S.C. § 3742(a)(1). <u>Id.</u> at 328.

executed an October 8, 1997 Order of Deportation[2] by deporting Alexander to his native

Dominican Republic and advising him that he would have to reapply with the Attorney

General's Office should he wish to return to the United States. By his own admission,

Alexander illegally re-entered the United States days later in violation of the Deportation

Order.

On September 24, 2002, Alexander was arrested in Bergen County, New Jersey,

for cocaine possession. Bergen County jail officials notified INS officials of Alexander's

arrest; and on December 11, 2002, he appeared before a federal magistrate judge in the

District of New Jersey for arraignment on the illegal re-entry charge. Upon his arrest,

---

[2] Alexander is a native of the Dominican Republic who legally entered the United States in 1978 and earned permanent resident status in 1985 while playing minor league baseball for the Los Angeles Dodgers. Alexander's career was cut short by injury and he turned to drugs and alcohol. In May 1991, Alexander was sentenced to 15 years in New Jersey state custody for several narcotics-related convictions including distribution of a controlled dangerous substance (cocaine). After having served five years of his 15-year sentence, Alexander was paroled in January 1996.

On October 8, 1997, while on parole, Alexander was ordered deported as an aggravated felon based on his 1991 narcotics conviction. Alexander failed to comply with the deportation order and remained unlawfully in the United States. Alexander was subsequently arrested in January 1998 in New York on federal narcotics charges. Because Alexander entered a cooperation plea to the charges, he was sentenced in March 2000 in the United States District Court for the Southern District of New York to time served, after having spent 774 days in prison, and three years of supervised release after receiving the benefit of a Government motion under U.S.S.G. § 5K1.1.

Two days after Alexander's federal sentencing, New Jersey revoked his parole on the 1991 conviction. He remained in state custody on the parole revocation until January 2001, at which point he was transferred to the custody of the Immigration and Naturalization Service ("INS") for execution of the 1997 deportation order.

Alexander attempted to cooperate with state and federal law authorities, but his efforts yielded no viable information for the authorities and therefore did not result in a § 5K1.1 motion.

Concurrently with Alexander's attempt to cooperate with authorities, the New Jersey state charge for cocaine possession proceeded against him. Alexander pleaded guilty to possession of a controlled dangerous substance with intent to distribute. On May 20, 2004, he was sentenced in state court to five years incarceration.

On June 3, 2004, Alexander entered his plea of guilty to illegal re-entry in violation of 8 U.S.C. § 1326(a) and (b)(2). While all parties agreed that the applicable Guidelines range would be 70 to 87 months for Alexander's sentence, Alexander moved for a downward departure in light of the "extraordinary" factual situation, arguing that but for his attempt to cooperate with the authorities, he would have been sentenced prior to the resolution of his state drug charge and three fewer points would have been added when calculating his criminal history. App. at 62-63. On September 17, 2004, the Honorable Jerome B. Simandle sentenced Alexander to 70 months, to run concurrently with his New Jersey state sentence.

Alexander filed a timely appeal of his sentence and while his appeal was pending, the United States Supreme Court decided Booker. In light of Booker, Alexander's sentence was summarily vacated and his case was remanded for resentencing. On November 16, 2005, Judge Simandle sentenced Alexander to the same 70-month

sentence. This appeal followed.

## II.

For a sentence to be reasonable under <u>Booker</u>, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors," which include the range suggested by the sentencing guidelines.[3] <u>United States v. Cooper</u>, 437 F.3d 324, 329 (3d Cir. 2006). We therefore consider whether the District Court gave "meaningful consideration" to "any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." <u>Id.</u> at 329, 332 (internal citations omitted). "[T]here are no magic words that the district judge must invoke when sentencing," however, and the district court need not mechanically state by rote that it has

---

[3] Under 18 U.S.C. § 3553(a), the relevant factors to be considered in imposing a sentence include:
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

considered each of the factors when imposing a sentence. Id. at 332. Finally, we consider whether the District Court "reasonably applied [the § 3553(a) factors] to the circumstances of the case." Id. at 330. We apply a "deferential standard" in reviewing the District Court's application of the § 3553(a) factors, "[t]he trial court being in the best position to determine the appropriate sentence in light of the particular circumstances of the case," and must affirm where the District Court issued a sentence "for reasons that are logical and consistent with the factors set forth in section 3553(a)." Id. The party that challenges the sentence has the burden of proving that it is unreasonable. Id. at 332.

### III.

Alexander argues that the sentence imposed by the District Court was unreasonable. He contends that while the District Court recognized the factors embodied in 18 U.S.C. § 3553(a), the court failed to sufficiently consider those factors. Alexander also argues that the District Court failed to sufficiently address the concerns raised by the defense. Alexander questions whether the District Court accounted for his efforts to cooperate with law-enforcement; problems that resulted from the delay; and whether the District Court considered his history of drug and alcohol abuse.

The record of the District Court proceedings fails to support Alexander's claims. At the outset of Alexander's resentencing hearing, Judge Simandle noted that his "function is to impose a sentence that's reasonable and that's sufficient but no greater than necessary to accomplish the statutory goals of sentencing in section 3553(a), and the

6

guidelines play an important part, but not the only part, in determining the reasonableness of a sentence." App. at 107. Questioning "[w]hat has [Alexander] . . . contributed to this country other than the violation of our laws," Judge Simandle stated:

> what is sad is that [Alexander] . . . hadn't learned by age 39 when in 1998 he was arrested and eventually convicted for conspiracy to distribute five kilograms of cocaine and more. And he hadn't learned it by age 41 when he illegally re-entered and was arrested on the state charges and eventually convicted in Bergen County and he's serving the sentence that, the present sentence in federal court has been made concurrent with. I don't know that he got so brilliant between age 41 and age 45 that I can really conclude he's learned any lessons. He's had so many chances. And looking through his report, I just don't see any string of years when he's been crime-free let alone drug-free or alcohol-free.

App. at 112.

In setting forth the reasons for his sentence, Judge Simandle first noted that the crime itself was "brazen" and generally discussed how the sentence imposed reflects the seriousness of the offense and that it provides just punishment for the offense. See App. at 131-34. Noting further that Alexander has no dispute with the advisory Guideline range of 70 to 87 months of imprisonment, App. at 131, Judge Simandle gave an articulate and well-reasoned review of Alexander's criminal history and stated that his continual run-ins with the law "[say] a lot to me about his character and also his prospects of recidivism and I've considered those. . . . I think of the need to deter this defendant because of his significant brushes with the criminal justice system and the fact that they haven't deterred him from violating the laws of the United States and of New Jersey, and so it's hard to accept that he has turned something around." App. at 132-33.

7

Accordingly, Judge Simandle's sentence attempts to afford adequate deterrence to criminal conduct and to protect the public from further crimes of Alexander. See 18 U.S.C. §§ 3553(a)(2)(B-C).

Judge Simandle subsequently addressed Alexander's argument that his cooperation with authorities should result in a reduced sentence and stated:

> I previously considered, at the time of the initial sentencing, the special circumstances surrounding his attempt at cooperation and I took that into account by taking the recommended sentence at that time, and I still have the recommendation from the probation department, which was a sentence at the top of the range, an 87-month sentence is what was recommended. I didn't impose that at the time and gave a 17-month break and imposed a sentence at the bottom of the range, which is only 70, not only, but it was 70 months, a substantial period of time to be sure. In recognition of the fact, which was also argued at the second sentencing, if he was sentenced before the state time, his criminal history would have been four rather than five, and all of that was considered carefully at that time and again today.

App. at 134-35. Judge Simandle is quite explicit in addressing Alexander's argument that his cooperation with authorities should result in a reduced sentence and concluded that his cooperation was factored into the sentence. Thus, any claim that the District Court did not consider Alexander's cooperation with authorities has no merit.

Finally, Alexander's history of drug and alcohol abuse, while not considered a viable argument to reduce a Guidelines sentence,[4] was proactively addressed by Judge Simandle: "I would encourage you to participate, to get on the waiting list or whatever

---

[4] § 5H1.4 of the advisory Guidelines explicitly states that substance abuse is not a reason for imposing a reduced sentence.

needs to be done and then try to get benefit from meeting with other men who have had similar problems and are trying to overcome them. . . . [W]hen you come out and if alcohol or drugs are at the root of your problems, then you have to solve that." App. at 127. We recognize Judge Simandle's efforts to encourage Alexander to seek appropriate assistance for his chemical dependencies as an attempt to provide the defendant with needed correctional treatment. See 18 U.S.C. § 3553(a)(2)(D).

The District Court ultimately sentenced Alexander to the minimum term within the advisory range and further limited the sentence by ordering that it run concurrently with Alexander's New Jersey state sentence. The Judge not only looked at the recommended Guideline sentence, but effectively considered multiple other § 3553(a) factors in determining Alexander's sentence. Judge Simandle concluded, "I fully recognize that the Guidelines are not binding, but in this case, I don't see any factor that would make a Guideline sentence unreasonable and I don't find that there's any sentence less than 70 months that would be sufficient and necessary to achieve the purposes of sentence in Mr. Alexander's case." App. at 136. We agree with the learned District Judge and, accordingly, are convinced that the District Court effectively applied the § 3553(a) factors to the circumstances in Alexander's case.

## IV.

We find that the record demonstrates that the District Court meaningfully considered the necessary § 3553(a) factors and applied them to the circumstances of the

9

case in determining a sentence for Alexander.  We conclude that the sentence imposed by the District Court was reasonable.

For the foregoing reasons, we will AFFIRM the Judgment and Commitment Order of the District Court.